**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 00-6499

_____

ROBERT R. JONES,

                                    Petitioner - Appellant,

        versus

RONALD J. ANGELONE, Director of the Virginia
Department of Corrections,

                                    Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry C. Morgan, Jr., District Judge.  (CA-98-1201-2)

_____

Submitted:  June 15, 2000            Decided:  June 23, 2000

_____

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Robert R. Jones, Appellant Pro Se.  Ruth M. McKeaney, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert R. Jones seeks to appeal the district court's orders denying his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000), and his motion for reconsideration of the same. We affirm in part and dismiss in part.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Jones' § 2254 petition was entered on the docket on August 26, 1999.[1] Jones' notice of appeal was filed on April 5, 2000.[2] Because Jones failed to file a timely

---

[1] Although the district court's judgment is marked as "filed" on August 25, 1999, the district court's record shows that it was entered on the docket sheet on August 26, 1999. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

[2] Although a timely motion for reconsideration under Fed. R. Civ. P. 59(e) would serve to toll the 30-day appeal period, Jones' motion was not filed with the district court until January 21, 2000, well outside the 10-day period necessary for a timely Rule 59(e) motion. Accordingly, it was filed pursuant to Fed. R. Civ. P. 60(b). Such a motion does not toll the appeal period.

notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal from the district court's denial of his § 2254 petition.

Addressing Jones' motion for reconsideration, we find that the district court did not abuse its discretion in denying this motion. See National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 265 (4th Cir. 1993) (providing standard). Accordingly, we grant Jones' motion to proceed on appeal in forma pauperis and affirm the district court's order denying Jones' Rule 60(b) motion. We therefore affirm in part, and deny a certificate of appealability and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART